UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SCX Holdings, LLC, et al.

                            Plaintiff(s),

-against-

Ermir Gjoka, et al.

                            Defendant(s).

25-cv-00020 (JAV)

**CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER**

---

JEANNETTE A. VARGAS, United States District Judge:

    This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent ☐ / do not consent ☑] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without any adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed at this time. Instead, within three days of submitting this Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf.]

2. The parties [have ☑ / have not ☐] conferred pursuant to Fed. R. Civ. P. 26(f).

3. Settlement discussions [have ☐ / have not ☑] taken place.

    a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following information within _____ days/weeks: _____
    
    _____
    
    _____

    b. Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

    ☐ Immediate referral to the District's Mediation Program

    ☐ Immediate referral to a Magistrate Judge

    ☐ Referral to the District's Mediation Program after the close of fact discovery

1

☐ Referral to a Magistrate Judge after the close of fact discovery

☐ Retention of a private mediator

☑ Other: Referral to a Magistrate Judge after resolution of the pending motions

   c. The use of any alternative dispute resolution mechanism does not stay or modify any date in this order.

4. Unless a party amends a pleading as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion for leave to amend or join additional parties shall be filed no later than __April 7, 2025__. [*Absent exceptional circumstances, a date not more than 30 days following the date of this Order. Any motion to amend or to join additional parties filed after the deadline in this paragraph will be subject to the "good cause" standard in Fed. R. Civ. P. 16(b)(4) rather than the more lenient standards of Fed. R. Civ. P. 15 and 21.*]

5. Fact Discovery

   a. All fact discovery shall be completed no later than __December 17, 2025__.

   b. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than __30 days after decision on pending motions__. [*Absent exceptional circumstances, a date not more than 14 days following the Initial Pretrial Conference.*]

   c. [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than __N/A__.

   d. Any proposed order or stipulation regarding electronically stored information shall be filed within 30 days of the date of this Order.

   e. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served no later than __30 days after decision on pending motions__. [*Absent exceptional circumstances, a date not more than 30 days following the Initial Pretrial Conference.*]

   f. Interrogatories pursuant to Local Rule 33.3(a) shall be served no later than __30 days after decision on pending motions__. [*Absent exceptional circumstances, a date not more than 30 days following the Initial Pretrial Conference.*]

   g. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served no later than __November 17, 2025__. [*A date not more than 30 days prior to the close of fact discovery as set forth in paragraph 5(a).*]

   h. Depositions pursuant to Fed. R. Civ. P. 30 and 31 shall be completed by the date set forth in paragraph 5(a).

    i. Any of the deadlines in paragraphs 5(b)–(h) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5(a).

    j. The parties should not anticipate extensions of the deadline for fact discovery. Relatedly, the parties should not make a unilateral decision to stay or halt discovery (on the basis of settlement negotiations or otherwise) in anticipation of an extension. If something unforeseen arises, a party may seek a limited extension of the foregoing deadlines by letter-motion filed on ECF. Any such motion must be filed before the relevant deadline and must explain why, despite the parties' due diligence, discovery could not be completed by the relevant deadline.

6. Expert Discovery

    a. The parties [do ☐ / do not ☑] anticipate requiring expert discovery. [*If the response to 6(a) is yes, then complete the remainder of this section.*]

    b. All expert discovery shall be completed no later than _____.

    c. Any party-proponent of a claim (including a cross-claim, counterclaim, or third-party claim) that intends to offer expert testimony in respect to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by no later than _____.

    d. Any party-opponent that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by no later than _____.

    e. The interim deadlines in paragraphs 6(c)–(d) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 6(b).

7. Any proposed order or stipulation regarding electronically stored information shall be filed within 30 days of the date of this Order.

8. By __December 31, 2025__ [*two weeks after the close of fact discovery*], the parties shall submit a post-fact discovery joint status letter, as outlined in Section 8(d) of the Court's Individual Rules and Practices in Civil Cases.

9. [*If applicable*] By _____N/A_____ [*one week after the close of expert discovery*], the parties shall submit a post-discovery joint status letter, as outlined in Section 8(e) of the Court's Individual Rules and Practices in Civil Cases.

10. Unless otherwise ordered by the Court, the joint pretrial order and additional submissions required by Rule 8(F)-(I) of the Court's Individual Rules and Practices in Civil Cases shall be

due 30 days from the close of all discovery, or, if a dispositive motion has been filed, within 30 days of a decision on such motion.

11. This case [is ✓ / is not ☐ ] to be tried to a jury.

12. Counsel for the parties have conferred and their best estimate of the length of trial is ____5 days____.

13. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

_____
_____
_____
_____

14. The next case management conference is scheduled for _____ at _____ in Courtroom ___ of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York. [*To be completed by the Court.*]

15. This Order may not be modified or the dates herein extended, except as provided in paragraphs 5(i) and 6(e) or by further Order of the Court for good cause shown. Any application to modify or extend the dates herein shall be made in a written application in accordance with the Court's Individual Rules and Practices and shall be made no fewer than two business days prior to the expiration of the date sought to be extended.

Dated: March 25, 2025
       New York, New York

SO ORDERED.

_____
JEANNETTE A. VARGAS
United States District Judge

4