```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
SCX HOLDINGS, LLC; THREE                                     :
BROTHERS AND ASSOCIATES LLC; and                             :
JX HOLDINGS LLC,                                             :    25-CV-00020 (JAV)
                                                             :
                                                             :
                              Plaintiffs,                    :    OPINION AND
                                                             :       ORDER
                                                             :
         -v-                                                 :
                                                             :
ERMIR GJOKA; FLORIAN GJOKA; ARION                            :
GJOKA; EMIRJETA S. TAIPI; THREE                              :
BROTHERS DESIGN INC.; and THREE                              :
STUDIO ARCHITECTURE AND                                      :
ENGINEERING D.P.C,                                           :
                                                             :
                              Defendants.                    :
------------------------------------------------------------ X
```

JEANNETTE A. VARGAS, United States District Judge:

Plaintiffs SCX Holdings LLC, Three Brothers and Associates LLC ("Associates"), and JX Holdings LLC (collectively, "Plaintiffs") initially brought this case in the Supreme Court of New York, New York County against Defendants Ermir Gjoka ("Ermir"), Florian Gjoka ("Florian"), and Three Brothers Design Inc. ("Design") (collectively, the "Design Defendants"), and Defendants Arion Gjoka ("Arion"), Emirjeta S. Taipi ("Emirjeta"), and Three Studio Architecture and Engineering D.P.C. ("Architecture") (collectively, "Architecture Defendants"). Plaintiffs' Complaint alleges fourteen causes of action, including breach of contract, breach of fiduciary duty, unjust enrichment, fraudulent conveyance, and misappropriation of funds. Of the fourteen causes of action, two

are federal claims brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(a) and (d).

On January 2, 2025, Design Defendants removed this action to the United States District Court for the Southern District of New York, arguing that the Court has original jurisdiction over Plaintiffs' two RICO claims and supplemental jurisdiction over the remaining causes of action. Plaintiffs now move to remand the case to state court, arguing that state courts have concurrent jurisdiction over RICO claims and that the state law claims substantially predominate. In the alternative, Plaintiffs request leave to amend their Complaint in order to discharge the existing federal RICO claims.

For the reasons that follow, the Motion to Remand to State Court, Leave to Amend, and for Attorneys' Fees is DENIED.

## BACKGROUND

On November 20, 2024, Plaintiffs SCX Holdings, LLC ("SCX Holdings"), Three Brothers and Associates LLC ("Associates"), and JX Holdings LLC ("JX Holdings") (collectively, "Plaintiffs") initiated this action in the Supreme Court of New York, New York County against Defendants Ermir Gjoka ("Ermir"), Florian Gjoka ("Florian"), and Three Brothers Design Inc. ("Design") (collectively, the "Design Defendants"), as well as Defendants Arion Gjoka ("Arion"), Emirjeta S. Taipi ("Emirjeta"), and Three Studio Architecture and Engineering D.P.C. ("Architecture") (collectively, "Architecture Defendants"). The Complaint alleges twelve state law claims, and two federal RICO claims. ECF No. 1-B ("Compl.").

This dispute stems from events taking place after the formation of Associates, a limited liability company owned 50% by Plaintiff SCX Holdings and 50% by Defendant Florian. *Id.*, ¶¶ 4-5. After the formation of Associates, Plaintiffs allege that Defendant Florian transferred half of his 50% interest in Associates to his brother, Defendant Emir. *Id.*, ¶ 6. Plaintiffs further allege that Florian and Emir's brother, Arion, assisted Florian and Emir in their "breaches and torts." *Id.*, ¶ 7.

Plaintiffs initiated this suit to seek damages and injunctive relief based on Defendants' alleged "exclusion of Plaintiff SCX Holdings and its representatives, including Denis Xhari ("Xhari"), from the management and operations of Associates; misuse of Associates' business funds for personal expenses [sic] Ermir, Florian, Arion and Emirjeta; and fraudulent transfer of Associates' business and company assets to Defendants Emir, Florian, Arion and Emirjeta; and the other Defendants' coordination of Architecture's November 2024 breach of its January 1, 2022, five-year lease of the second floor in Plaintiff JX Holdings building at 4120 39th Street, Long Island City, New York 11104." *Id.*, ¶13.

Plaintiffs allege that in November 2021, Xhari and Defendant Florian entered into an agreement to participate in an architecture business. *Id.*, ¶ 14. Plaintiffs allege that the agreed upon plan was for Defendants Florian and Emir to attend architecture school to become licensed architects to certify the architectural plans for clients of their business. *Id.*, ¶ 18. In the interim, Associates would obtain a licensed architect, Defendant Emirjeta, to certify architectural plans. *Id.*, ¶¶ 19-20. Separate from the formation of SCX Holdings, Defendants Florian, Ermir, and

Emirjeta formed an architecture company, Three Studio Architecture and Engineering D.P.C. *Id.*, ¶ 21. The alleged plan was for Defendant Emirjeta to provide professional architectural design services for Architecture. *Id.*, ¶ 21. In need of an office space, Architecture leased space in a building owned by Plaintiff JX Holdings that it shared with Associates. *Id.*, ¶ 22. Plaintiffs further allege that the parties had negotiated and agreed upon three separate agreements including "(a) a Limited Liability Operating Agreement for [Associates]; (b) a Shareholders Agreement for [Architecture] setting forth Defendant Emirjeta, Florian and Ermir's relationship and respective agreements, obligations, limitations, responsibilities and limitations one to the other; and (c) an Intercompany Service Agreement between [Associates] and [Architecture] so as to set forth the fees and benefits that would be paid by Architecture to [Associates] for all of the services and expenditures that [Associates] was agreeing to provide to [Architecture]." *See id.*, ¶ 25.

Since November 2021, SCX allegedly invested significant resources and funds to establish and maintain Associates and Architecture. *Id.*, ¶ 33. Later, Defendants Florian and Ermir formed a separate entity, Three Brothers Design Inc. Defendants Florian and Ermir brought in their brother Arion allegedly to do contracting work through this new company instead of through SCX and Xhari. *Id.*, ¶¶ 39, 41. Afterwards, Defendants Florian and Ermir moved out of the office space leased by JX Holdings, and allegedly took property which belonged to the Plaintiffs. *Id.*, ¶¶ 44-45. Plaintiffs also allege that Defendants refused to let Plaintiffs access financial records, *see id.*, ¶ 51, and told SCX clients that Defendants now owned and

controlled Associates, and, therefore, were to direct all business and payments to Defendants. *Id.*, ¶ 47.

Plaintiffs' Complaint raises fourteen causes of action against Defendants. All of the causes of action arise under the laws of New York State, with the exception of the claims that Defendants conspired to and actually violated 18 U.S.C. §§ 1962(a) and 1962(d). *See id.*, ¶¶ 68-187. Plaintiffs' state law claims include allegations of breach of contract, *see id.*, ¶¶ 68-95; breach of fiduciary duty, *see id.*, ¶¶ 96-111; fraud for dishonesty, *see id.*, ¶¶ 112-28; conversion, *see id.*, ¶¶ 129-34; unjust enrichment, *see id.*, ¶¶ 135-41; aiding and abetting, *see id.*, ¶¶ 142-48; negligent misappropriation, *see id.*, ¶¶ 149-55; statutory fraud under New York General Business Law Section 349, *see id.*, ¶¶ 156-61; an accounting, *see id.*, ¶¶ 174-84; and for legal fees, *see id.*, ¶¶ 185-87. Plaintiffs allege that Defendants' violations of various state laws — such as fraud, misappropriation, and unjust enrichment — serve as the predicate acts required under RICO. *See id.*, ¶¶ 163-64.

Focusing on the eleventh and twelfth causes of action — the RICO claims — Plaintiffs allege that Defendants had conspired to and did in fact accomplish "racketeering activities both directly and indirectly by entering into Agreements with the Plaintiffs herein which they had no intention of complying with; by lending credence, support and credibility to same despite the fact that there was no basis for doing so; by misappropriating, depositing, withdrawing, withholding, distributing, expending, transferring, detaining, embezzling, retaining and diverting Plaintiffs [sic] income, property, assets and profits, benefits and entitlements and by

thereafter retaining, using for reinvesting, and/or expending, and/or diverting, same for their own activities and purposes in fraudulently deceptive methods." Compl., ¶¶ 164, 172.

On January 2, 2025, Design Defendants removed this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441(a), arguing that the Court has original jurisdiction over Plaintiffs' two RICO claims and supplemental jurisdiction over the remaining causes of action. ECF No. 1.

## LEGAL STANDARDS

"An action filed in state court may be properly removed by a defendant to federal court in 'any civil action . . . of which the district courts of the United States have original jurisdiction.'" *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) (quoting 28 U.S.C. § 1441(a)). District courts have original jurisdiction over cases that present federal questions, which applies when a claim arises under federal law. *See* 28 U.S.C. § 1331.

A claim arises under federal law and is subject to removal under section 1441(a) when federal law creates the cause of action. *See, e.g., Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 9 (1983). If a case filed in state court pleads a cause of action arising under a federal statute, the entirety of the case is subject to removal to federal court. 28 U.S.C. § 1441(c).

Whether supplemental jurisdiction exists over state law claims plead in the removed action depends on whether those claims "are so related to the claims in the

action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Claims are considered 'part of the same case or controversy if they derive from a common nucleus of operative fact.'" *Garofalo v. City of New York*, No. 22-cv-07620-NRM-VMS, 2023 WL 3792514, at *4 (E.D.N.Y. June 2, 2023); s*ee, e.g., Treglia v. Town of Manlius,* 313 F.3d 713, 723 (2d Cir. 2002) (exercise of supplemental jurisdiction was proper where plaintiff's state and federal claims arose "out of approximately the same set of events").

The Court's exercise of supplemental jurisdiction, however, is not mandatory. *Valley Disposal, Inc. v. Central Vermont Solid Waste Mgmt. Dist.,* 31 F.3d 89, 103 (2d Cir. 1994). A court may decline to exercise supplemental jurisdiction over a claim if "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). In determining whether to exercise supplemental jurisdiction over state law claims that substantially predominate, a court should consider the concepts of judicial economy, convenience, fairness, and comity. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

On a motion to remand, the removing parties bear the burden of demonstrating the proprietary of removal. *See Fouad v. Milton Hershey Sch. and Sch. Trust*, 523 F. Supp. 3d 648, 652 (S.D.N.Y. 2021).

## DISCUSSION

Plaintiffs have moved to remand the case, arguing that state courts have concurrent jurisdiction over RICO claims and that remand is appropriate because the state law claims predominate. In the alternative, Plaintiffs request that the Court grant them leave to amend the Complaint to dismiss the federal claims, file a new motion to remand, and remand the case to allow the remaining state claims to be adjudicated in state court. For the reasons which follow, Defendants have demonstrated the propriety of removal and Plaintiffs' arguments to remand this case are unavailing.

### A. Federal Questions Exist on the Face of Plaintiffs' Complaint

Removal under Section 1441 was plainly proper. The Complaint asserts two civil RICO claims arising under federal law, 18 U.S.C. §§ 1962(a) and (d). These claims fall within the original jurisdiction of the federal district courts. *See New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) ("[F]ederal-question jurisdiction is invoked by and large [where] plaintiffs plead[ ] a cause of action created by federal law.").

Plaintiffs argue that "federal jurisdiction exists only when a federal question is presented on the face of the Plaintiff's properly pleaded complaint." ECF No. 14 ("Pls. Br.") at 6. This is undoubtedly an accurate legal proposition, yet one that

8

hardly helps Plaintiffs. "The principal effect of the well-pleaded complaint rule is to make the plaintiff the master of the claim, meaning that – subject to certain exceptions – plaintiffs may avoid federal jurisdiction by exclusive reliance on state law." *State by Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 132 (2d Cir. 2023) (cleaned up). "In other words, the 'general rule' is that federal courts lack federal-question jurisdiction if the complaint does not affirmatively allege a federal claim." *Id.* (cleaned up). Plaintiffs, however, elected to include the two federal RICO claims in the Complaint. In doing so, Plaintiffs opened themselves up to potential removal from state court pursuant to section 1441(a).

For that reason, Plaintiffs' reliance upon *Sung ex rel. Lazard Ltd. v. Wasserstein*, 415 F. Supp. 2d 393 (S.D.N.Y. 2006), is misplaced. Pls. Br. at 7. At issue in *Sung* was the extent to which a federal question was presented by a complaint that exclusively plead causes of action arising under state law. 415 F. Supp. 2d at 397-99. But as for complaints that explicitly assert causes of action under federal statutes, *Sung* affirmed that such cases were subject to removal under section 1441(a). *Id.* at 396.

Plaintiffs' argument that state courts exercise concurrent jurisdiction over federal RICO claims, Pls. Br. at 7, is a non sequitur. Section 1441(a) turns on whether the federal district courts have original jurisdiction over the claims, not on whether the state court lacked jurisdiction. And as Plaintiffs themselves concede, the federal civil RICO statute certainly does not confer *exclusive* jurisdiction on

9

state courts. *Id.* ("[The] Civil RICO statute does not confer exclusive federal jurisdiction, but rather concurrent state and federal jurisdiction).

Accordingly, the Complaint was properly removed under section 1441(a).

### B. The Court Has Supplemental Jurisdiction Over the State Law Claims

Plaintiffs do not contest that this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a). Pls. Br. at 8. Plaintiffs nonetheless urge the Court to decline to exercise supplemental jurisdiction because the state law claims "substantially predominate over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). The Court disagrees.

In making the argument that the state law claims predominate, Plaintiffs point only to the comparative number of state law claims versus federal law claims. Pls. Br. at 8. Plaintiffs' argument is misguided. "The 'substantially predominate' standard . . . is not satisfied simply by a numerical count of the state and federal claims the plaintiff has chosen to assert on the basis of the same set of facts." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 613 F. Supp. 2d 437, 443 (S.D.N.Y. 2009). Instead, "courts in this circuit 'have found that state law claims predominate when the federal law claims are merely peripheral or cover a much narrower issue than the state law claims, or where the factual or legal analysis of the claims are unrelated.'" *VW Credit Leasing LTD. v. Runway Towing Corp.*, 757 F. Supp. 3d 271, 293 (E.D.N.Y. 2024) (citing *Dunlop v. City of New York*, No. 06-cv-433, 2006 WL 2853972, at *5 (S.D.N.Y. 2006)).

Here, the federal claims are substantially intertwined with the state claims. All of the claims arise from a common nucleus of facts: the dispute regarding the set of commercial arrangements and contracts establishing the proposed architectural business. And Plaintiffs rely on the state law claims as the predicate acts to support their RICO claims. *See* Compl., ¶¶ 49-55, 61-66, 162-169, and 172.

This case is therefore analogous to *Doe v. Norwich Roman Catholic Corp.*, in which the district court found that "the facts underlying Plaintiff's RICO claims are inextricably tied up with the facts giving rise to the state-law claims — indeed, the complaint incorporates the state-law allegations by reference in the two RICO counts — and so the Court has supplemental jurisdiction over the non-federal claims because they are all part of the same case or controversy." 606 F. Supp. 2d 244, 245 (D. Conn. 2009). "With the federal and state-law claims so closely related, the Court also may not sever and remand the state-law claims because doing so would not promote economy, convenience, fairness, or comity." *Id.* at 245-46.

As in *Doe*, judicial economy is served by adjudicating the state law claims together with the federal claims. Adjudicating the federal and state law claims in the same action is clearly more efficient, given that the same factual disputes underlie both the federal and state law claims.

As the state law claims do not "substantially predominate," severing and remanding these claims to state court is not warranted. *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 246 (2d Cir. 2011) ("Section 1367(c)(2)

11

requires that a state law claim 'substantially predominate' over a federal claim before a district court has discretion to refuse supplemental jurisdiction.").

### C. Leave to Amend the Complaint Would Be Improper

Finally, Plaintiffs seek leave to amend their complaint to withdraw the federal causes of action and make a second motion to remand. To allow amendment and relitigation of the remand motion would be an inefficient use of the parties' and the Court's time. Instead, Plaintiffs may seek to voluntarily dismiss this action under Rule 41 and refile it in state court without the federal claims.

## CONCLUSION

Accordingly, the Motion to Remand, Amend, and for Attorneys' Fees is DENIED. The Clerk of Court is directed to terminate ECF Nos. 13-14 and 23 - 25.

SO ORDERED.

Dated: June 20, 2025
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

12